# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| VIVA CINEMAS THEATERS AND ENTERTAINMENT LLC d/b/a VIVA CINEMA, | ) ) ) ) ) |
| Plaintiff, | ) Civil Action No. 4:15-cv-01015 |
| v. | ) ) ) |
| AMERICAN MULTI-CINEMA, INC., | ) ) |
| Defendant. | ) JURY TRIAL DEMANDED |

## STIPULATED PROTECTIVE ORDER

One or more of the parties in the above-styled action has requested the production of documents or information that at least one party considers to be or to contain confidential information subject to protection under Federal Rule of Civil Procedure 26(c)(1)(G).

The parties agree that good cause exists to protect confidential information contained in documents, interrogatory responses, responses to requests for admission, or deposition testimony produced by, served upon, or provided by the parties and third parties in this action. This action concerns non-public, proprietary, and competitively sensitive information about competition between the parties and the competitive effects of the challenged conduct. The parties expect to exchange documents and information relating to trade secrets and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted. This information will include non-public financial and business operations

36510488.1
36397025

information, strategic business and/or marketing plans, and damages-related information (e.g., costs, revenue, profits, and projections) obtained from the parties and third parties subpoenaed by one of the parties ("third-party discovery respondents").  The parties agree that the entry of this Stipulated Protective Order ("Protective Order") is warranted to protect against disclosure of such documents and information.

Based upon the above stipulation of the parties, and the Court being duly advised,

IT IS HEREBY ORDERED as follows:

1.      All documents, testimony, and other materials and information produced, served, or provided by the parties or third-party discovery respondents in this case and labeled "Confidential" or "Attorneys' Eyes Only" shall be used only in this proceeding and only in connection with the litigation of this action, and shall <u>not</u> be used by any party for any other business, commercial, competitive, or alternative purpose.

2.      This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

3.      The parties and third-party discovery respondents may designate as "Confidential" or "Attorneys' Eyes Only" documents, testimony, written responses, or other materials produced, served, or provided in this case only if they contain information that the producing party has a good faith basis for asserting is in fact confidential under the applicable legal standards (collectively, "confidential information"). The producing party shall designate

each page of the document with a stamp identifying it as "Confidential" or "Attorneys' Eyes Only," if practical to do so.

4. If portions of documents or other materials deemed "Confidential" or "Attorneys' Eyes Only" or any papers containing or identifying the substance of the designated content of such materials are filed with the Court, they shall be filed under seal and marked as follows or in substantially similar form:

> CONFIDENTIAL – FILED UNDER SEAL
>
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS CONFIDENTIAL AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 7 OF THE PROTECTIVE ORDER.
>
> *or*
>
> ATTORNEYS' EYES ONLY – FILED UNDER SEAL
>
> IN ACCORDANCE WITH A PROTECTIVE ORDER, THE ENCLOSURE(S) SHALL BE TREATED AS FOR ATTORNEYS' EYES ONLY AND SHALL NOT BE SHOWN TO ANY PERSON OTHER THAN THOSE PERSONS DESIGNATED IN PARAGRAPH 8 OF THE PROTECTIVE ORDER.

If a party is filing a document that it itself, or a third-party discovery respondent, has designated as "Confidential" or "Attorneys' Eyes Only," the filing party shall, after notification to the opposing party, follow the procedure outlined in the Court's Procedures and Practices B.5.D:

> If a party wishes to file a pleading, motion, or exhibit under seal, the party must file a motion to file under seal, which will then be considered by the Court and admitted under seal if the Court deems such filing to be necessary.

The party shall file the motion or stipulated motion to seal the document before or at the same time the party files the document under seal.  The motion (a) shall reference this Stipulated Protective Order, (b) shall include a specific statement of the applicable legal standard and the reasons for keeping the document under seal, and (c) shall include a certification that the party took efforts to minimize the amount of material filed under seal and explored redaction and other alternatives to filing under seal.  Any sealed filing shall be served on all counsel of record by e-mail immediately following the filing.

The party may file the document under seal without prior Court approval pending the Court's ruling on the motion to seal.  A pleading or other paper to be filed with the Court which references or relies upon a document subject to a motion to seal, shall not be considered untimely if a motion to file under seal or stipulated motion to seal is filed with the Court on or before the due date of the pleading or other paper, even if the Court does not rule on the motion to seal or consent order to seal on or before the applicable deadline for filing the pleading or other paper.

Where the document to be sealed is an exhibit to a document filed electronically, an otherwise blank page reading "EXHIBIT __ FILED UNDER SEAL" shall replace the exhibit in the document filed without sealing, and the exhibit to be filed under seal shall be filed with the Clerk's Office as a separate sealed docket entry.  Where the document to be sealed is a declaration, the declaration shall be filed with the Clerk's Office as a separate sealed docket entry.

When the Court grants a motion to seal or otherwise permits a document to remain under seal, the document will remain under seal until further order of the Court.

When the Court denies a motion to seal, the Clerk will unseal the document unless the Court orders otherwise.

36510488.1

4

36397025

5.     Within thirty (30) days after receipt of the final transcript of the deposition of any party or witness in this case, a party or the witness may designate as "Confidential" or "Attorneys' Eyes Only" any deposition transcript, in whole or in part, that the party or witness contends discloses confidential information.  Each party should communicate its designations in a written format to the court reporter, videographer (if applicable), and all parties' counsel indicating the page and line number(s) for each designated portion.  An oral designation of testimony during a deposition is insufficient unless the party or witness indicates <u>both</u> the beginning and end of the testimony it considers confidential.  If a transcript or videotape (should a deposition be videotaped) containing any such material is filed with the Court, it shall be filed under seal and marked in the manner described in paragraph 4. Unless otherwise agreed, from the beginning of the deposition through the entirety of the thirty-day period, all deposition transcripts, videotapes, and the information contained therein shall be treated as "Attorneys' Eyes Only." "Confidential" or "Attorneys' Eyes Only" information and documents subject to this Protective Order shall not be filed with the Court or included in whole or in part in pleadings, motions, briefs, etc., filed in this case, except when any portion(s) of such pleadings, motions, briefs, etc. have been filed under seal by counsel and marked in the same manner as described in paragraph 4 above. Such sealed portion(s) of pleadings, motions, briefs, documents, etc., shall be opened only by the Court or by personnel authorized to do so by the Court.

6.     Use of any information, documents, or portions of documents marked "Confidential," including all information derived therefrom, shall be restricted solely to the following persons, who agree to be bound by the terms of this Protective Order, unless additional persons are stipulated by counsel or authorized by the Court:

a. Outside counsel of record for the parties, and the administrative staff of outside counsel's firms.

b. In-house counsel for the parties, and the administrative staff for each in-house counsel.

c. Any party to this action who is an individual, and every employee, director, officer, or manager of any party to this action who is not an individual, but only to the extent necessary to further the interest of the parties in this litigation.

d. Independent consultants or expert witnesses (including partners, associates and employees of the firm which employs such consultant or expert) retained by a party or its attorneys for purposes of this litigation, but only to the extent necessary to further the interest of the parties in this litigation.  Such persons do not include, and are not considered independent consultants or expert witnesses for purposes of this Stipulated Protective Order, any employee, officer, or director of a party, or any consultant involved in product or service development, support, or offerings for a party.

e. The Court and its personnel, including, but not limited to, stenographic reporters regularly employed by the Court and stenographic reporters not regularly employed by the Court who are engaged by the Court or the parties during the litigation of this action.

f. The authors and anyone that received the documents before this litigation commenced.

      g.  Any court reporter or videographer reporting a deposition.

      h.  Employees of copy services, microfilming or database services, trial support firms and/or translators who are engaged by the parties during the litigation of this action.

7.    Use of any information, documents, or portions of documents marked "Attorneys' Eyes Only," including all information derived therefrom, shall be restricted solely to the persons listed in paragraphs 6(a), 6(b), 6(d), 6(e), 6(f), 6(g) and 6(h), unless additional persons are stipulated by counsel or authorized by the Court.

8.    Prior to being shown any documents produced by another party or third-party discovery respondent marked "Confidential" or "Attorneys' Eyes Only," any person listed under paragraphs 6(c) or 6(d) shall agree to be bound by the terms of this Order by signing the agreement attached as Exhibit A.

9.    Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a deposition, the designating party may exclude from the room any person, other than persons designated in paragraphs 6 and 7, as appropriate, for that portion of the deposition. Whenever information designated as "Confidential" or "Attorneys' Eyes Only" pursuant to this Protective Order is to be discussed by a party or disclosed in a hearing or pre-trial proceeding, the party introducing the information shall give the designating party prior notice and the opportunity to assert confidentiality before the information is introduced in open court, and the designating party may request that the Court determine if the document and/or information to be discussed meets the legal standard required in order to exclude from the hearing or proceeding any person, other than

persons designated in paragraphs 6 and 7, as appropriate, for that portion of the hearing or proceeding.

10. Each party reserves the right to dispute the confidential status claimed by any other party or third-party discovery respondent in accordance with this Protective Order. If a party believes that any documents or materials have been inappropriately designated by another party or third-party discovery respondent, that party shall confer with counsel for the designating party. As part of that conferral, the designating party must assess whether redaction is a viable alternative to complete non-disclosure. If the parties are unable to resolve the matter informally, a party may file an appropriate motion before the Court requesting that the Court determine whether the Protective Order covers the document in dispute. Regardless of which party files the motion, the party seeking to protect a document from disclosure bears the burden of establishing good cause for why the document should not be disclosed. A party who disagrees with another party's designation must nevertheless abide by that designation until the matter is resolved by agreement of the parties or by order of the Court.

11. The inadvertent failure to designate a document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only" prior to disclosure shall not operate as a waiver of the party's right to later designate the document, testimony, or other material as "Confidential" or "Attorneys' Eyes Only." The receiving party or its counsel shall not disclose such documents or materials if that party or counsel knows or reasonably should know that a claim of confidentiality would be made by the producing party. Promptly after receiving notice from the producing party of a claim of confidentiality and simultaneous production to the receiving party of the material designated using one of the means described in paragraph 4 above, the receiving party or its counsel shall inform the producing party of all pertinent facts relating to the prior disclosure of the

36510488.1

8

36397025

newly-designated documents or materials, shall make reasonable efforts to retrieve such documents and materials and to prevent further disclosure, and shall destroy any unmarked copies of such documents within five (5) calendar days.

12. Designation by either party of information or documents as "Confidential" or "Attorneys' Eyes Only," or failure to so designate, will not constitute an admission that information or documents are or are not confidential or trade secrets. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether the Protective Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Attorneys' Eyes Only."

13. Upon the request of the producing party or third-party discovery respondent, within 30 days after the entry of a final judgment no longer subject to appeal on the merits of this case, or the execution of any agreement between the parties to resolve amicably and settle this case, the parties and any person authorized by this Protective Order to receive confidential information shall return to the producing party or third-party discovery respondent, or destroy, all information and documents, originals and/or copies, subject to this Protective Order. Returned materials shall be delivered in sealed envelopes marked "Confidential" to respective counsel. In the event that materials are destroyed in accordance with this paragraph, the receiving party shall provide the producing party an affidavit or declaration certifying the destruction of such materials. Notwithstanding the foregoing, no party, counsel, employees, consultants, or experts shall be required to destroy or return documents filed with the Court in this action or any privileged communications and work products referencing any confidential information.

14. This Protective Order shall not constitute a waiver of any party's or nonparty's right to oppose any discovery request or object to the admissibility of any document, testimony or other information.

15. Nothing in this Protective Order shall prejudice any party from seeking amendments to expand or restrict the rights of access to and use of confidential information, or other modifications, subject to order by the Court.

16. The restrictions on disclosure and use of confidential information shall survive the conclusion of this action and this Court shall retain jurisdiction of this action after its conclusion for the purpose of enforcing the terms of this Protective Order.

17. Counsel for the parties must employ reasonable protective measures to ensure that the information and documents governed by this Protective Order are used only for purposes permitted under this Protective Order, and disclosed only to persons authorized by this Protective Order. All information designated "Confidential" or "Attorneys' Eyes Only" must be kept in a secure manner by each receiving party and by those who are authorized to receive such information.

18. Nothing in this Protective Order shall bar or otherwise restrict counsel to the parties from rendering advice to their clients with respect to this litigation and, in the course thereof, referring to or relying upon examination of information designated "Confidential" or "Attorneys' Eyes Only," so long as the content of such information is not disclosed.

19. If a receiving party that has obtained information or documents subject to this Protective Order ("designated material"): (a) is subpoenaed in another proceeding; (b) is served with a discovery request in another action to which it is a party; or (c) is served with any other legal process by any person or entity not a party to this litigation, for the purpose of obtaining the

disclosure of such designated material, that receiving party must give timely written notice of its receipt of such subpoena, demand, or legal process to counsel of record for the producing party or third-party discovery respondent so as to allow them at least 10 days, or such lesser time as such subpoena, demand or legal process specifies for production, to intervene to prevent disclosure of the designated material. Provided that such notice is given, nothing herein requires any person or entity subject to this Protective Order to object to, challenge, or appeal any order requiring production of any designated material, or to subject itself to any penalties for noncompliance with any subpoena, discovery request, or legal process, or to seek any relief from any Court.

20. Nothing herein restricts in any manner any party's disclosure or use of its own information or documents

21. In the event that any designated material is disclosed to someone not authorized to receive such material under this Protective Order, or if a person so authorized breaches any of his or her obligations under this Protective Order, counsel of record for the receiving party that disclosed the designated material must immediately disclose the unauthorized disclosure or breach to the producing party's counsel, and also must use best efforts to obtain the return or destruction of all copies of the designated material and to prevent any further disclosure of the same.

22. Nondisclosure of expert drafts.

    a. Experts shall not be subject to discovery of any draft of their reports, affidavits, declarations, or witness statements in this matter.

    b. Conversations or communications between any expert and counsel shall not be subject to discovery unless the conversations or communications

are actually relied upon by such expert in formulating opinions that are presented in reports or testimony in this matter.

c. Any correspondence or memoranda between any expert and counsel shall not be subject to discovery unless the correspondence or memoranda are actually relied upon by such expert in formulating opinions that are presented in reports or testimony in this matter.

d. Any notes taken or writings made by any expert shall not be subject to discovery unless the notes or writings are actually relied upon by such expert in formulating opinions that are presented in reports or testimony in this matter.

e. No discovery can be taken from any expert who does not testify except to the extent that such non-testifying expert has provided information, opinions, or other materials to a testifying expert, who then actually relies on such information, opinions, or other materials in formulating opinions that are presented in reports or testimony in this matter.

SO STIPULATED:

Dated: January 6, 2017   */s/*   Michael A. Hawash
Michael A. Hawash
Texas Bar No. 00792061
Federal Bar No. 18321
Hawash Meade Gaston Neese & Cicack LLP
2118 Smith Street
Houston, Texas 77002
Email: mhawash@hmgnc.com
Tel.: (713) 658-9001
Fax: (713) 658-9011

***Attorney in Charge for Plaintiff, Viva Cinemas Theaters & Entertainment LLC***

/s/ Michael A. Swartzendruber
Michael A. Swartzendruber
Texas Bar No. 19557702
Federal Bar No. 28737
michael.swartzendruber@nortonrosefulbright.com
Barton Wayne Cox
State Bar No. 24065087
(application to the S.D. Texas pending)
beau.cox@nortonrosefulbright.com
NORTON ROSE FULBRIGHT US LLP
2200 Ross Avenue, Suite 3600
Dallas, TX 75201-7932
Telephone:  (214) 855-8000
Facsimile:  (214) 855-8200

Darryl W. Anderson
State Bar No. 24008694
Federal I.D. No. 25059
darryl.anderson@nortonrosefulbright.com
Carlos R. Rainer
State Bar No. 24027641
Federal I.D. No. 29059
carlos.rainer@nortonrosefulbright.com
Geraldine W. Young
State Bar No. 24084134
Federal ID No. 1725980
geraldine.young@nortonrosefulbright.com
1301 McKinney Street, Suite 5100
Houston, TX 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

***Attorneys for Defendant, American Multi-Cinema, Inc.***

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | |
|---|---|
| VIVA CINEMAS THEATERS AND ENTERTAINMENT LLC d/b/a VIVA CINEMA, ) ) ) ) ) | |
| Plaintiff, ) | Civil Action No.  4:15-cv-01015 |
| ) | |
| v. ) | |
| ) | |
| AMERICAN MULTI-CINEMA, INC., ) | |
| ) | |
| Defendant. ) | JURY TRIAL DEMANDED |

## ORDER

The Court has reviewed the reasons offered in support of entry of this Stipulated Protective Order and finds that there is good cause to protect the confidential nature of certain information. Accordingly, the Court adopts the above Stipulated Protective Order in this action.

It is so ORDERED.


SIGNED on _____, at Houston, Texas


---
THE HONORABLE ALFRED H. BENNETT
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| VIVA CINEMAS THEATERS AND ENTERTAINMENT LLC d/b/a VIVA CINEMA,<br><br>  Plaintiff,<br><br>v.<br><br>AMERICAN MULTI-CINEMA, INC.,<br><br>  Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No. 4:15-cv-01015<br>)<br>)<br>)<br>)<br>)<br>) JURY TRIAL DEMANDED |

# EXHIBIT A

I, _____, have been advised by counsel of record for _____ in the above-styled action of the protective order governing the delivery, publication, and disclosure of documents and information produced in this litigation. I have read a copy of the protective order and agree to abide by each of its terms.

_____
Signed Name

_____
Printed Name

_____
Date